KOVNESKY, Respondent, vs. STODOLA and others, Appel-
lants.

*November 16—December 14, 1920.*

*Negligence: Bystander injured by persons engaged in rough play:
Contributory negligence.*

1. Where the evidence showed that three defendants who were
   more or less intoxicated were engaged in a frolic in a saloon,
   and one of them pushed another against the third, who was
   thrown against plaintiff, knocking him down and injuring
   him, the jury were warranted in finding that all three de-
   fendants were negligent.
2. The fact that plaintiff, some distance away from the defend-
   ants, was standing with his back to the bar and his legs
   crossed, does not make him guilty of negligence as a matter
   of law, as the jury had a right under the evidence to find
   that he was not taking part in the fun and frolic going on
   between the defendants.
3. The question whether plaintiff had any connection with the
   frolic which produced his injuries is for the jury.

APPEAL from a judgment of the circuit court for Oconto
county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

On June 30, 1919, the plaintiff, defendants, and some
others were in the saloon of one Kralovetz at a place called
Klondike, Oconto county. The injury occurred somewhere
about midnight, and during the night many people pa-
tronized the saloon, coming, going, and drinking intoxicat-
ing liquor.

At the time of the injury to the plaintiff the defendants
were at the bar quite close together, the plaintiff standing
with his back to the bar at some distance from the defend-
ants. The claim of the plaintiff is that the defendants, or
one of them, pushed the other two defendants with such
force against the plaintiff as to throw him from his position
at the bar, knock him down and produce the injury.

Action was brought by the plaintiff for the injury sus-
tained on account of the acts of the defendants. Several

defenses were set up and the case tried to the court and a jury and the following verdict returned:

"(1) Did the defendants fail to exercise ordinary care in their conduct toward the plaintiff at the time he was injured?  *A.* Yes.

"(2) If you answer the first question 'Yes,' then answer this: Was such failure to exercise ordinary care the proximate cause of plaintiff's injury?  *A.* Yes.

"(3) If you answer the first and second questions 'Yes,' then answer this: Did any want of ordinary care on the part of the plaintiff proximately contribute to produce his injury?  *A.* No.

"(4) Was plaintiff a participant in the frolic at or about the time he was injured?  *A.* No.

"(5) At what sum do you assess plaintiff's damages?  *A.* $600."

Judgment was rendered on the verdict, from which the defendants appealed.

The only question presented in this case is whether the verdict is supported by the evidence.

Three main points are discussed by counsel for defendants: First, that no negligence was shown on the part of defendants; second, that the plaintiff was guilty of contributory negligence; third, that the injury to the plaintiff was the result of a frolic in which he participated with the defendants, and hence no liability exists under such circumstances.

For the appellants there was a brief by *Minahan, Minahan, Minahan & Duquaine* of Green Bay, and oral argument by *V. I. Minahan.*

For the respondent there was a brief by *Classon & Whitcomb* of Oconto, and oral argument by *A. J. Whitcomb.*

KERWIN, J.  1. It is vigorously insisted by counsel for defendants that there is no evidence of negligence, and it is argued that, especially as regards defendant *Hooper,* no act of *Hooper* amounted to negligence.  There is credible evi-

dence, however, tending to show that the three defendants were connected in the frolic and their acts concurred in producing the injury complained of.

It also appears that the push *Stodola* administered to *De Cleene* was of sufficient force to throw *De Cleene* against *Hooper,* and *Hooper* against plaintiff. If this act was understood between the three defendants and calculated to displace or throw plaintiff from his position at the bar and the defendants concurred in it, it was a negligent act, and while some argument is made to the effect that *Hooper* was stupidly drunk there is also evidence that he knew what he was doing. There is evidence as follows: "*Q. Hooper* was pretty well intoxicated, was he not? *A.* Well, he was I guess like the rest of us—I don't know—maybe more and maybe less." There is also credible evidence that *Hooper* acted in concert with the other defendants during the evening and knew what he was doing.

On the question of negligence of defendants as well as other questions the case was fairly submitted to the jury, and the jury had a right to find that all three defendants were guilty of negligence and their acts produced the injury complained of.

It is also argued that defendant *Stodola* could not reasonably have anticipated that his act would produce the result or injure the plaintiff, but the evidence shows that *Stodola* made the push with his shoulder, and evidently it was a very hard push which produced the result shown by the evidence.

On the whole case the court is convinced that the jury was warranted in finding the defendants guilty of negligence. The learned trial judge below rendered a written opinion in the case, and among other things said:

"And the defendants, without any warning or caution, shoved against the plaintiff and threw him to the floor, causing him serious injury. I think the act of the defendants was negligence on their part—in fact, was an assault upon the plaintiff without any provocation whatever."

2. It is contended that the plaintiff was guilty of negligence as a matter of law.  The court is satisfied that this contention cannot be sustained.  The evidence tends to show that the plaintiff was some distance away from the defendants at the time and standing with his back to the bar and his legs crossed.  Counsel for defendants argue that he was pivoting on his heel and his position under the circumstances made him negligent.  But he was taking no part in the fun or frolic which was going on between the defendants at the time; at least the jury had a right to so find.  The court finds no merit in this contention.

3. It is further contended that the parties were engaged in a frolic and that plaintiff was a participant in the frolic and hence cannot recover.  The court finds this contention also without merit.

For the purpose of irritating and annoying *Hooper,* who was under the influence of liquor, the suggestion was made that *Hooper* had struck *Stodola,* when in fact he had not.  The question was asked of several present whether *Hooper* had not struck *Stodola,* and the plaintiff, among others, being asked, answered that *Hooper* had struck *Stodola,* although he knew that *Hooper* had not done so.  Counsel for defendants argue that this answer by plaintiff tends to make him a participant in the frolic.  On this point the court below in his written opinion further says:

"The only thing that he did to show a participation in the activities that were taking place, provoked by the defendants, was when one of them asked him if he had not heard a certain statement, and he acquiesced and said he had, which was not the truth.  Whether his motive in assenting to this suggestion was for the purpose of aiding in the fun or for the purpose of getting rid of a drunken man who put the question to him, is not so clear."

It appears that at the time of the accident in question and for some time prior thereto the plaintiff was standing some distance away from the defendants and taking no part in

their frolic, but talking to other persons who were in no way connected with the frolic.

The court thinks it was clearly for the jury to say whether under all the circumstances the plaintiff had any connection with the frolic which produced the injury. On the question of participating in the frolic the court below, in his charge, said:

"The mere presence of the plaintiff, *Kovnesky,* at the saloon does not render him a participant in the frolic going on, but if you find from the evidence that he did any act to countenance or approve *Stodola, De Cleene,* or *Hooper* in their frolic, he then participated in it. In other words, if he was a looker-on he did not participate, but if he gave any encouragement or aid to *Stodola, De Cleene,* or *Hooper,* or to their plans, then he has participated, and you should answer the question Yes."

This charge was certainly very fair and appears sufficiently favorable to the defendants.

It would serve no useful purpose to spend time discussing the evidence; it is sufficient to say that the case was fairly tried and that the verdict is supported by the evidence.

*By the Court.*—The judgment is affirmed.